NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Valarie PRICE and Valarie PRICE on behalf of J.P., a minor,<br><br>        Plaintiffs,<br><br>v.<br><br>ABET MEDICAL SUPPLY, et al.,<br><br>        Defendants. | Civ. No. 11-6481<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

    Pending before the Court are two Motions to Dismiss the Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5), the first filed by Defendants Pamela Scott, Edward Hanson (improperly captioned as "Judge Hanson") and Cynthia L. McCoy [docket #15], and the second filed by Defendant Tina Sinnen [16] (all together, the "Moving Defendants"). Each motion adopts and incorporates the arguments set forth in the other submission. The Court has decided these motions after considering the Moving Defendants' unopposed submissions and without holding oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Moving Defendants' motions will be granted.

    I.    BACKGROUND

    This action seemingly arises from two series of events. The first series of events centers on Plaintiff Valarie Price's divorce proceedings and various other legal actions in Virginia, which include a foreclosure action, Plaintiff's arrest, and disputes with the Virginia Beach Schools concerning the education of her daughter with cerebral palsy. In these legal actions the

1

Moving Defendants (Clerks of Court and a Judge) played various, largely administrative roles. *See* (Compl. ¶¶31–67) [1]. In brief, Plaintiff alleges, *inter alia*, that: (1) the Clerk refused to give Plaintiff the necessary documents to file a petition for divorce; (2) the Clerk never sent submitted paperwork or fees to the Virginia Beach Circuit Court causing Plaintiff's appeal to be untimely filed; (3) her house was illegally foreclosed on during the process of her pursuing appeals; and (4) Judge Hanson took her case off the docket, ostensibly transferred it to chancery court, and that during this intervening period Plaintiff was subject to false arrest. *See* (*id.*).

The second seemingly unrelated series of events concern Plaintiff's move to New Jersey and subsequent dealings with a variety of State and municipal agencies, including the Division of Youth and Family Services and the Neptune Township Board of Education, which relate to complaints about her daughter's educational disability accommodations. *See* (Compl. ¶¶ 68–86).

The Moving Defendants argue that none of the allegations against them relate to New Jersey. Rather, Moving Defendants contend that the Complaint, as it relates to their alleged actions, appears to be an attempt by Plaintiff to relitigate her Virginia divorce. Consequently, Moving Defendants argue that the Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). The Moving Defendants note that Hanson, McCoy, and Sinnen individually received copies of the Complaint by U.S. mail on March 6, 2012 or March 7, 2012, as applicable, (just over the 120 days prescribed by Fed. R. Civ. P. 4(m)), and Defendant Pamela Scott has not received service at all.

## II. DISCUSSION

If an issue is raised regarding whether the court has personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). Plaintiff need only present a prima facie case for the exercise of personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). This requires plaintiff to allege with "reasonable particularity" facts that would establish sufficient contacts between the defendant and the forum. *Id.* Rule 4(k) of the Federal Rules of Civil Procedure provides that proper service establishes personal jurisdiction over a non-resident defendant who would be subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. Fed. R. Civ. P. 4(k)(1)(A). This Court must therefore refer to the laws of New Jersey to determine if personal jurisdiction exists.

A court must typically engage in a two-step inquiry to determine if personal jurisdiction exists. First, a court must look to the relevant New Jersey long-arm statute to see if it allows for the exercise of personal jurisdiction under the circumstances. Second, a court must consider whether exercising jurisdiction would violate the precepts of the 14th Amendment's Due Process Clause. For district courts within New Jersey, this two-step test is collapsed into a single inquiry because New Jersey's long-arm statute allows the exercise of personal jurisdiction to the limits set by the Due Process Clause. *See IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

The minimum contacts necessary to sustain jurisdiction may vary depending on whether the defendant has "purposefully directed" activities at residents of the forum, and "the litigation results from alleged injuries that 'arise out of or relate to' those activities" (specific jurisdiction); or whether the defendant has "systematic and continuous" contacts with the forum state (general

3

jurisdiction). *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009) (citing *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Here, taking all of Plaintiff's allegations as true, neither specific nor general jurisdiction has been demonstrated. Plaintiff has not alleged that the Moving Defendants have any contact with New Jersey, much less "systematic and continuous" contacts that would establish general jurisdiction. Nor has Plaintiff raised any allegations in the Complaint that the Moving Defendants purposely availed themselves of the State of New Jersey and its benefits and protections, in order to establish specific jurisdiction. Absent sufficient minimum contacts, the Court has no basis on which to exercise personal jurisdiction on the Moving Defendants.

Having held that the Complaint is properly dismissed under Fed. R. Civ. P. 12(b)(2), the Court will not address the troubling service issues present in this case, which would likely also warrant dismissal.

### III. CONCLUSION

For the reasons stated above, it is on this ___ day of May, 2012,

ORDERED that Defendants Pamela Scott, Edward Hanson and Cynthia L. McCoy's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) is GRANTED [docket #15]; and it is

ORDERED that Defendant Tina Sinnen's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) and for Insufficient Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5) [16] is similarly GRANTED; and it is further

ORDERED that Defendants Pamela Scott, Edward Hanson, Cynthia L. McCoy, and Tina Sinnen are hereby dismissed from this case ; and it is finally

ORDERED that a copy of this Order be mailed to Plaintiffs.

/s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.