NOT FOR PUBLICATION

RECEIVED
AUG 20 2012
AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Valarie PRICE and Valarie PRICE on behalf of J.P., a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>ABET MEDICAL SUPPLY, et al.,<br><br>    Defendants. | Civ. No. 11-6481<br><br>MEMORANDUM ORDER |

THOMPSON, U.S.D.J.

    This matter is before the Court on Defendant Allison Blake's motion to dismiss in lieu of answer [docket # 19]. To date no opposition to the motion to dismiss has been filed. The Court has decided this motion after considering the Defendant's unopposed submissions and without holding oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Defendant's motion will be granted.

**I.   Background**

    This action seemingly arises from two series of events. The first series of events centers on Plaintiff Valarie Price's divorce proceedings and various other legal actions in Virginia, which include a foreclosure action, Plaintiff's arrest, and disputes with the Virginia Beach Schools concerning the education of her daughter who has cerebral palsy. *See* (Compl. ¶¶31–67) [1].

    The second seemingly unrelated series of events concern Plaintiff's move to New Jersey and subsequent dealings with a variety of State and municipal agencies, including the Division of Youth and Family Services and the Neptune Township Board of Education, which relate to

complaints about her daughter's educational disability accommodations. *See* (Compl. ¶¶ 68–86). Plaintiff alleges that caseworkers from the New Jersey Division of Youth and Family Services repeatedly visited her in order to intimidate her in violation of Section 1983. The Complaint names several defendants, including Defendant Allison Blake, the Commissioner of the New Jersey Department of Children and Families.

On July 11, 2012, Defendant Blake moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b)(6), arguing: (1) that to the extent that the lawsuit is brought against the Commissioner in her official capacity, it is barred because Defendant is immune from suit; and (2) that to the extent the Complaint is brought against Defendant in her individual capacity it should be dismissed as Plaintiff has failed to demonstrate any personal involvement by the Commissioner with respect to her version of the facts. (Def.'s Br. at 4).

## II. <u>Legal Standard</u>

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the

"facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. **Discussion**

Defendant argues that Plaintiff's lawsuit against Defendant Allison Blake, in her official capacity as the Commissioner of the Department of Children and Families, must be dismissed as her claim is tantamount to a suit against the State, which is barred. Moreover, to the extent the Complaint is brought against Defendant Blake in her individual capacity, Defendant argues it should be dismissed as Plaintiff has failed to adequately plead any facts which would sustain a claim against Defendant. The Court agrees.

Section 1983 prohibits the "deprivation of any rights, privileges or immunities secured by the Constitution." 42 U.S.C. § 1983. However, Section 1983 provides a cause of action only against "persons," whose definition does not encompass the State, its agencies, or its state officers, when acting in an official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Department of Children and Families is a department or agency of the State of New Jersey, *see* N.J.S.A. 9:3A-3, and is therefore immune from suit. Consequently, any suit against Defendant Blake in her official capacity is also barred. *See Mich. Dep't of State Police*, 491 U.S. at 71.

Nor can this suit proceed against Defendant Blake in her individual capacity. The Complaint is completely silent on the personal involvement of Defendant Blake in any of the allegedly discriminatory activities. In summary fashion, the Complaint alleges that Commissioner Blake "was acting in a supervisory capacity over the division of youth and family services, under color of state law and responsible for the creation and oversight of the execution of the policies, practices and customs of the Division of youth [sic] and Family Services in Asbury Park." *See* (Compl. ¶ 17). Because there is nothing within this recitation that would allow a court reasonably to infer that the defendant is liable for the misconduct alleged, *see Fowler*, 578 F.3d at 210, the Court will grant the pending motion.

### IV. <u>Conclusion</u>

For the reasons stated above, it is on this 13th day of August, 2012,

ORDERED that that the Motion to Dismiss in Lieu of Answer is hereby GRANTED; and it is further

ORDERED that the complaint, and any cross-claims, against Defendant Allison Blake are hereby DISMISSED; and it is finally

ORDERED that a copy of this Order shall be served upon all counsel of record within seven days of its receipt by counsel for the moving party.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

4